## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DWIGHT JARRETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:18-cv-00624 |
| CLIENT SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DWIGHT JARRETT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CLIENT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas.

**PARTIES**

4.   Plaintiff is a natural person residing in Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a Missouri corporation with its principal place of business located at 3451 Harry S. Truman Boulevard, Saint Charles, Missouri 63301. Defendant's registered agent in Texas is Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service located at 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   Plaintiff previously had incurred a debt ("subject debt") with Citibank ("Citi") and subsequently defaulted on the subject debt.

9.   Defendant acquired the rights to collect the subject debt from Citi after Plaintiff defaulted on the subject debt.

10.  Defendant began placing calls to Plaintiff's cellular phone ending in 8538 attempting to collect the subject debt in 2017.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8538. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. Soon after Defendant began placing calls to Plaintiff's cellular phone, Plaintiff demanded that the calls cease.

13. Troubled by the fact that the calls did not cease upon his request, Plaintiff requested a billing statement to be mailed to him from Defendant.

14. Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendant.

15. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls. [1]

16. Notwithstanding Plaintiff's demand that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 5 unsolicited and unwanted calls to Plaintiff's cellular phone since December 14, 2017.

17.  Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause before a live representative begins to speak.

18.  Feeling harassed by Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction

---

[1] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which Defendant accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

caused by the constant calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it allegedly arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692d

26. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking to collect an alleged debt. Moreover, Defendant continued placing the calls after Plaintiff advised Defendant that he wanted the calls to stop.

27. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 5 harassing phone calls to Plaintiff's cellular phone using an ATDS without his prior consent.

4

### b.  Violations of FDCPA § 1692f

28. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt when placing phone calls to Plaintiff's cellular phone attempting to dragoon Plaintiff into paying a debt.

29. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

30. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DWIGHT JARRETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31.  Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

32.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause which Plaintiff experience during answered calls from Defendant is indicative that an ATDS is being utilized to generate the phone calls. Additionally, the nature of Defendant's contacts points to the involvement of an ATDS.

34.   Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phones using an ATDS without his consent. Plaintiff has never had any business relationship with Defendant nor has he ever given Defendant permission to call his cellular phone. Any consent Defendant may have had to contact Plaintiff on his cellular phone was expressly revoked during at least one of Defendant's calls that Plaintiff answered.

35. The calls placed by Defendant to Plaintiff's cellular phone were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant's willful conduct is exemplified by its persistent calling of Plaintiff's cellular phone despite knowing that it did not have consent to place such calls.

WHEREFORE, Plaintiff, DWIGHT JARRETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

40. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he demanded that Defendant stop calling. This repeated behavior of systematically

7

calling Plaintiff's cellular phone in spite of his demand was harassing and abusive. Furthermore, the nature and volume of phone calls would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, DWIGHT JARRETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

43.  Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

44.  The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code."   Tex. Bus. & Com. Code § 17.46.

45. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

46. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

47. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

48. Defendant's collection calls to Plaintiff's cellular phone are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

49. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff or causing Plaintiff to be contacted on his cellular phone. Defendant called Plaintiff on his cellular phone through means of an ATDS when Defendant did not have consent to do so after Plaintiff demanded that the calls cease. Defendant ignored Plaintiff's request and continued to place calls to Plaintiff's cellular phone without his consent. By doing so, Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff on his cellular phone seeking collection of a debt when it was not legally entitled to take such action. Defendant was never given consent to contact Plaintiff on his cellular phone and Defendant continued to call Plaintiff on his cellular phone even after being asked to stop. Defendant had an obligation under the TCPA to cease its contacts to Plaintiff's cellular phone, but ignored this obligation in order to maximize its profits and continued to harass Plaintiff. Following its characteristic behavior in placing, or causing to be placed, voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

50. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

52. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is

appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that he did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff on his cellular phone. Even still, Defendant continued to act in defiance of Plaintiff's prompt, and the law, by continuing to place collection calls to his cellular. In an unfair and unconscionable manner, Defendant caused Plaintiff to be called in an attempt to harass, annoy, and coerce Plaintiff into making a payment towards a debt.

53.  As stated above, Defendant is also in violation of the TDCA. "A violation of the TDCA is a per se deceptive trade practice under the DTPA, and is actionable under the DTPA." Tex. Fin. Code. Ann. § 392.404(a).

54. Thus, Defendant's harassment campaign does not only violate the TDCA, but also constitutes a per se deceptive trade practice pursuant to the DTPA. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and, for public policy reasons, should be penalized.

WHEREFORE, Plaintiff, DWIGHT JARRETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c.  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 27, 2018                           Respectfully submitted,

s/ Marwan R. Daher                                 s/Omar T. Sulaiman
Marwan R. Daher, Esq.                              Omar T. Sulaiman, Esq.
Counsel for Plaintiff                              Counsel for Plaintiff
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200              2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                        (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                             osulaiman@sulaimanlaw.com